## WM. WEEDEN v. THE STATE.

See facts held sufficient to support a verdict for murder in the second degree.

APPEAL from Collin.    Tried below before the Hon. Silas Hare.

*Walton, Green & Hill,* for appellant.

The appellant in this case relies on two points for a reversal:

1. It is not sufficiently proved that the appellant was present participating in the killing, for we have to look to all the facts.

2. If present, he was there innocently, without any felonious intent.    (See the facts as referred to above.)

On these two points we refer to 3 Greenl. Ev., §§ 29, 30; Whart. Am. Cr. Law, §§ 707–744; Bishop's Cr. Pro., §§ 1050, 1051; Burr. Cr. Ev., 638–641, 644; Roscoe's Cr. Ev., § 698; Pas. Dig., note 797 and authorities, and art. 2677.

*George Clark, Attorney General,* for the State, cited Law *v.* The State, 13 Tex., 4; Shultz *v.* The State, 13 Tex., 401; Brown *v.* The State, 23 Tex., 200; Henderson *v.* The State, 14 Tex., 503; White *v.* The State, 36 Tex., 347; Powers *v.* The State, 16 Tex., 548; McCann *v.* State, 13 Sm. & Mar., 472; Wiler *v.* The State, 25 Tex., 187; Ballew *v.* The State, 36 Tex., 98; Hamby *v.* The State, 36 Tex., 523.

GOULD, ASSOCIATE JUSTICE.—The only error assigned is the action of the court in overruling the motion for a new trial, and the only grounds set up in that motion are that the verdict of the jury is contrary to the law and to the evidence.

The evidence established that James Metcalf was killed

by a man named Jones and two other men, all armed with guns; that they fired two or three shots at him from the roadside as he was moving with his wife and family in an ox-wagon. The time of the killing was between eight and nine o'clock on Thursday, June 13, 1872. The place, on the public road, about two miles south of defendant's home.

If the evidence of defendant's mother be taken as accurate, the defendant was at no time that morning absent from home a sufficient length of time to have allowed of his presence at the killing. But her statements as to time were made without reference to a time-piece, and, if the jury saw fit to disregard her evidence in finding their verdict, we cannot say, in view of the other evidence of defendant's guilt, that they erred in doing so.

Nor do we think that the evidence, taken as a whole, was insufficient to support the verdict. It is true that the evidence presents some discrepancies. The wife of deceased testifies that one of the three men who did the killing wore a light mustache and rode a sorrel mule, and on the trial she points out defendant, Weeden, and says she thinks that he was one of the three men, and she thinks that he was that one who wore a light mustache and rode a sorrel mule. Several witnesses testified that at the time defendant had no mustache, and it appears probable that if present he must have rode a sorrel horse or a light bay mule.

We do not think these discrepancies sufficient to justify us in saying that the court erred in not setting aside the verdict. It must be recollected that the court and the jury had the advantage of inspecting defendant, and that the trial was only some nineteen or twenty months after the killing.

There was a strong chain of circumstances pointing to the defendant as one of three who did the killing. The third man charged with the act was one Goole, who lived

at the same house with defendant. There is evidence that defendant and Goole both provided themselves with guns on that morning for the alleged purpose of assisting in the arrest of a thief. Jones rode a white horse, and both defendant and Goole are identified as mounted and in company with a man on a white horse early in the morning of the killing, riding in the direction where it occurred, and that at least two of the three were armed with guns. At the time of the killing, Jones charged the deceased with theft. Defendant and Goole left for Tennessee on the third day after the occurrence. A minute discussion of all the circumstances is deemed unnecessary.

The judgment is affirmed.

AFFIRMED.